## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mikayle Cameron,

          Plaintiff,

Case No. 25-cv-2920 (NEB/DJF)

v.

Renewal by Anderson LLC,

**ORDER**

          Defendants.

      This matter is before the Court on Plaintiff Mikayle Cameron's Motion for Appointment of Counsel ("Motion to Appoint") (ECF No. 30). He argues that the Court should appoint counsel for him because he does not have the training or resources required to present evidence and argument at trial and during discovery. (*See id.*) For the reasons given below, the Court denies the Motion to Appoint but will refer Mr. Cameron to the *Pro Se* Project of the Minnesota Chapter of the Federal Bar Association for possible assistance.

      There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

      Although the Court recognizes Mr. Cameron's concerns about his lack of legal training, the court finds appointment of counsel is unwarranted at this time. Neither the factual nor legal issues

are particularly complex. Nor does Mr. Cameron lack the ability to investigate the facts or present his arguments to the Court, as he has demonstrated. (*See* ECF Nos. 1, 20.) Moreover, the Court finds that his lack of resources is not alone sufficient to warrant the appointment of counsel, as his situation does not distinguish his case from the myriad of other claims brought by pro se litigants. Therefore, the Court denies Mr. Cameron's motion for appointment of counsel.

However, the Court concludes volunteer legal assistance might be helpful in providing some guidance to Mr. Cameron and will refer him to the Minnesota Chapter of the Federal Bar Association's *Pro Se* Project for possible volunteer assistance. His participation in this program is voluntary. If he elects to participate, he might be able to talk about his case with a volunteer attorney who would consult with him about this case without charging him for the consultation. The Court will provide this referral to Mr. Cameron, along with additional details about the *Pro Se* Project, in a separate letter.

**SO ORDERED.**

Dated: November 7, 2025             *s/ Dulce J. Foster*
                                    DULCE J. FOSTER
                                    United States Magistrate Judge